### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ALVIN ALEXANDER, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Case No. 1:26-cv-01246-SEM |
| | ) |
| MATTHEW J. FITTON *et al.*, | ) |
|     Defendants. | ) |

### ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) and a Motion for Supervisory Order (Doc. 5) filed by Alvin Alexander, an inmate at Pinckneyville Correctional Center.

Plaintiff's pleading is dismissed for failure to state a plausible claim for relief, and his supervisory motion is denied for the following reasons.

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief." *Id.* Upon review of the Complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. BACKGROUND

To provide the necessary procedural context for Plaintiff's pleading, the following excerpt is taken from the exhibits Plaintiff appended to his Motion for Supervisory Order (Doc. 5) in Livingston County case No. 2021-MR-173, which Plaintiff references in his complaint.

> On December 8, 2021, Plaintiff filed a petition for mandamus relief against Livingston County Judge Robert M. Travers, alleging … Travers violated Plaintiff due process rights while presiding over Plaintiff's civil lawsuit against prison officials when he entered summary judgment against Plaintiff without holding a hearing, and asking [the] Court to order Judge Travers to comply with the due process clause of the Fourteenth Amendment by correcting the summary judgment ruling made by Travers. On February 24, 2022, counsel for [Travers] filed

> … a combined motion to dismiss Plaintiff's petition …. Following a hearing on December 12, 2022, [the] Court entered an order granting [Travers] motion and dismissing the petition with prejudice.
>
> On July 4, 2024, over a year and a half later, Plaintiff filed a motion to vacate [the] Court's order of dismissal.

(*Id.* at 6-7) (internal quotation marks and citations omitted); *see also* Livingston County, IL. Cases, https://www.judici.com/cases/case_history.jsp?court=IL053015J&ocl=IL053015J,2021MR173,IL053015JL2021MR173P1 (last visited June 15, 2026) (outlining the procedural history in Livingston County case No. 2021-MR-173).

### III. ALLEGED FACTS

Plaintiff's pleading concerns the denial of his July 2024 motion to vacate entered on January 17, 2025, by Livingston County Judge Matthew J. Fitton, in Livingston County case No. 2021-MR-173. Specifically, Plaintiff asserts that Judge Fitton's ruling "is void because Defendant's counsel … failed to comply with the statutory procedure applicable to [a] 'certificate of service'…." (*Id.*)

### IV. ANALYSIS

As noted, the basis of Plaintiff's suit is Judge Fitton's denial of Plaintiff's motion to vacate in case No. 2021-MR-173, which fails to

state a claim for relief. "Judicial immunity insulates judges from being sued except when a plaintiff sues a judge for (1) 'nonjudicial actions, i.e., actions not taken in the judge's judicial capacity,' or (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Cossio v. Tourtelot*, 725 F. App'x 406, 410 (7th Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)) (vacating judgment in favor of judge on absolute immunity grounds because plaintiff alleged judge conspired to deprive him of employment, which is not a judicial act).

Furthermore, Plaintiff does not state a claim against the Circuit Court of the Eleventh Judicial Circuit. "Section 1983 provides a claim against a person acting under color of law who deprives another of a federal right. 42 U.S.C. § 1983. The circuit court is not a person. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to

File an Amended Complaint. If Plaintiff elects to file, his second amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without referring to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation when it occurred, and the persons involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Consequently, Plaintiff's Motion for Supervisory Order (Doc. 5), which requests that this Court vacate Judge Fitton's January 17, 2025, dismissal of his motion to vacate is moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Supervisory Order (Doc. 5) is MOOT.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **Plaintiff has thirty days from the entry of the Court's Order to file a Motion for Leave to File an Amended Complaint that complies with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 16, 2026.

s/Sue E. Myerscough

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE