E-FILED
Wednesday, 04 November, 2026 01:58:03 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALVIN ALEXANDER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 26-1246-SEM-DJQ** |
| **MATTHEW FITTON, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Plaintiff Alvin Alexander's motion for leave to file a Second Amended Complaint.

On June 9, 2026, Plaintiff filed this case under 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. On June 16, 2026, the Court conducted a merit review of Plaintiff's Complaint that is required by 28 U.S.C. § 1915A. In its Merit Review Order, the Court found that Plaintiff's Complaint failed to state a claim upon which relief could be granted, and the Court dismissed Plaintiff's Complaint.

However, the Court also gave Plaintiff leave to file an amended complaint to attempt to cure the defects noted by the Court in its Merit Review Order. On July 14, 2026, Plaintiff filed a motion

seeking leave to file a "Second Amended Complaint" that he argues cures the defects in his Original Complaint that the Court noted in the Merit Review Order.

In his Second Amended Complaint, Plaintiff alleges that he is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Pinckneyville Correctional Center. Plaintiff further alleges that, on December 8, 2021, he filed a petition in an Illinois state court seeking a writ of mandamus against Livingston County (Illinois) Judge Robert Travers. In his petition, Plaintiff alleged that Judge Travers violated his Fourteenth Amendment rights by entering summary judgment in favor of Pinckneyville prison officials (whom he had named as defendants in his civil suit) and against Plaintiff.

Thereafter, Livingston County Judge Matthew Fitton dismissed Plaintiff's mandamus petition. In his Second Amended Complaint that he filed in this case, Plaintiff alleges that Judge Fitton deprived Plaintiff of his Fourteenth Amendment Due Process rights because Judge Fitton allowed the defendants in his mandamus petition to proceed on a motion to dismiss that Plaintiff argues the defendants had filed untimely.

Plaintiff's proposed Second Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff has named four Illinois state court judges as Defendants in this case. Judges have "absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Judges will be entitled to absolute immunity "even if the action [she] took was in error, was done maliciously, or was in excess of [her] authority." *Mockbee v. Lee*, 2021 WL 5918556, * 4 (7th Cir. Dec. 15, 2021). Judges are immune if their "actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity." *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990).

Here, both parts of the applicable test are satisfied. Plaintiff alleged in his Second Amended Complaint that Defendants (each of whom is an Illinois state judge) made certain rulings in his or her official capacities as a Livingston County Judge with which Plaintiff disagreed and that Plaintiff alleges violated his Constitutional rights. Based upon Plaintiff's allegations in his Second Amended Complaint, Defendants are immune from Plaintiff's claims in this case. Therefore, Plaintiff's Second Amended Complaint fails to state

a claim(s) upon which relief can be granted, and the Court will dismiss this case.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to file a Second Amended Complaint [Doc. 8] is DENIED.

2. Accordingly, Plaintiff's Complaint and this case are DISMISSED WITH PREJUDICE because Plaintiff's Complaints fail to state a claim upon which relief can be granted, and any attempt by Plaintiff to amend his Complaints again to state a claim upon which relief can be granted would be futile. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

3. The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.

4. The Clerk of the Court is further directed to record this case as a potential strike on Plaintiff's three-strike log. 28 U.S.C. § 1915(g).

5. If Plaintiff wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6. If Plaintiff wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

7. If Plaintiff chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 4th day of November, 2026

_/s Sue E. Myerscough_________
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE